UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 08 2012

JAMES W. McCORMACK, CLERK
By:_____JBrown_____
                    DEP CLERK

| | |
|---|---|
| **DAVID STEBBINS** * | |
|     **Plaintiff** * | |
| * | |
| VS. * | |
| * | |
| **JENNIE STEEN, CLERK OF BOONE** * | Case No. ~~12-~~ 4:12-CV-704 KGB |
| **COUNTY CIRCUIT COURT, BOONE** * | |
| **COUNTY CIRCUIT COURT, OFFICE** * | |
| **OF THE CLERK, ARKANSAS** * | |
| **SUPREME COURT, OFFICE OF THE** * | |
| **CLERK, LESLIE STEEN, CLERK OF** * | This case assigned to District Judge Baker |
| **THE ARKANSAS SUPREME COURT,** * | and to Magistrate Judge Ray |
| **AND STATE OF ARKANSAS** * | |

## COMPLAINT W/ JURY DAMAND AND MOTION FOR MARSHAL SERVICE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following complaint against the following defendants:

- Jennie Steen, Clerk of Boone County Circuit Court,
- Boone County Circuit Court, Office of the Clerks,
- Arkansas Supreme Court, Office of the Clerk,
- Leslie Steen, Clerk of Arkansas Supreme Court (no known relation to Jennie Steen), and
- the State of Arkansas.

All parties can be served with process through the Office of the Arkansas Attorney General. Speaking of service of process, if my enclosed application for leave to proceed *in forma pauperis* is granted, I move for the U.S. Marshal to be charged with perfecting service of process in this case, pursuant to Fed. R. Civ. P. Rule 4(c)(3).

### Background

On April 1, 2012, I filed a complaint in Boone County Circuit Court, a copy of which is being attached as Exhibit A to this complaint. I also filed a motion for leave to proceed *in forma pauperis*, a copy of which is being attached as Exhibit B to this Complaint, and an affidavit of

my indigency, a copy of which is being attached as Exhibit C to this complaint.

The case was assigned to Judge Gordon Webb to preside over. His profile can be found by following this web link: https://courts.arkansas.gov/circuitcourt/judge_info.cfm?id=85

Judge Webb, however, completely ignored my IFP application. He never granted it; he never denied it; he just never ruled on it, period.

This is the sort of thing I should be able to obtain mandamus relief for, under the state precedent of *Urquhart v. Davis*, 19 SW 3d 21 (200). However, as I will soon establish in this complaint, that is not an option for me, meaning that my only remaining option is to file suit in either this Court[1], of the Western District of Arkansas.

In order to file a petition for writ of mandamus, such as in the *Urquhart* case, I must present the AR Supreme Court with certified copies of the Circuit Court records. However, when I go to the Circuit Court Clerk's Office (the office which Jennie Steen leads), they refuse to provide certified copies until the case is filed. In order to be filed, Judge Webb needs to rule on my *in forma pauperis* application.

Which is what I'm trying to force him to do in the first place!

In fact, I do not think Gordon Webb is himself acting with malice. In fact, I think he is completely oblivious to it all. I confronted him about a similar issue once in the grocery store, and he appeared completely ignorant of the problem I was facing. This sparked a similar lawsuit against many of these defendants, and a few more, in Case No. 12-3131 in the U.S. District Court for the *Western* (as opposed to Eastern) District of Arkansas.

However, the *true* injury in this case is not the fact that the *in forma pauperis* application has not been ruled on, but the fact that I am faced with a Catch-22 that cuts me off from any and

---

1  Personal jurisdiction and venue are both proper in this court, pursuant to 28 USC § 1391(b)(1), because the AR Supreme Court and Leslie Steen are both Little Rock-based defendants.

all relief that can possibly rectify this problem. The Circuit Court's refusal to file the case until the IFP application is ruled on would not be a problem if I could file a petition for writ of mandamus without them. The AR Supreme Court Clerks' Office's policy of not accepting a mandamus petition without certified copies would not be a problem if the Circuit Court would give me the certified copies without the case having to be filed. The problem of certified copies not being available until the case the case is filed would not be a problem if the Circuit Court would just file the case before the IFP application is ruled on, like the federal courts do. As you can see, this is not simply a problem with a single stage in the proceeding; the entire system is what has screwed me over.

## Judicial and Qualified Immunity

This case is controlled by the precedent of *Maness v. Dist. Court, Logan County-Northern Div.*, 495 F. 3d 943 (8th Cir. 2007), a case which appears to be against me, but a closer examination reveals otherwise.

There is one portion of the case that is plainly in my favor: Clerks are not entitled to quasi-judicial immunity for refusing to file an IFP petition. Period, done, moving on.

There is, however, the issue of qualified immunity. In *Maness*, the Appellate Court affirmed a finding of qualified immunity, yes, but they did so upon two findings.

The first was that Maness was responsible for delivering the IFP petition the judge. Here, Judge Webb's chambers had received the petition, but I suspect his secretary simply threw it in the trash. The Clerks tell me that they delivered it to him. They may not have been required to, under the Maness precedent, but they did.

Secondly, the Eighth Circuit held that Maness had remedies in state court proceedings to rectify his dilemma. He was not trying to start a brand new case; he was trying to appeal an

existing one. Therefore, since the case was actually *filed*, he could have obtained certified copies of the court docket, and filed a mandamus petition accordingly. Here, the inability to do exactly that is the very injury I am claiming in the first place!

Of course, the Eighth Circuit not only held that a claim against a state actor must actually violate my rights under the constitution, but also "whether or not the right [being violated] was clearly established such that a reasonable person would have realized that his or her actions were unlawful." See *Id* at 945.

The right for me to appeal an adverse decision, or to seek mandamus relief for judicial procrastination, is so very clearly a part of my Due Process rights under Fourteenth Amendment that it need not be "established." To advocate for qualified immunity in this case would be to claim that I do not have the right to access a court for redress of legal wrongs! This is absurd, and the advocation of it should land the Defendants a sanction under Fed. R. Civ. P. 11.

Even in the event that the Defendants are still entitled to qualified immunity, I should still be entitled to prosective injunctive relief. See *ex parte Young*, 209 US 123 (1908). Therefore, even if the Defendants are entitled to qualified immunity, the case should still not be dismissed outright.

### Demand for Relief

First and foremost, I seek prosective injunctive relief, ordering the Defendants to make a choice: Either file the Complaint and IFP application without a ruling, like the federal courts do, or allow a mandamus petition to be filed without certified whenever the inability to obtain them is the subject of the mandamus action in the first place.

I also ask the Court to force the Defendants to make this decision permanent. Whichever path the Defendants choose, it should become standard policy for the state judiciary... *for the*

*entire state!* There should be no excuse for why this Court or its Western District equivalent should be faced with this same issue in the future.

I also seek damages. As you can see from Exhibit A, although I request a mind-boggling amount of damages, I have nonetheless stated a claim upon which relief can be granted. A large amount of damages does not all of the sudden make a colorable cause of action become frivolous, as long as I can prove that I am entitled to them all, and as Exhibit A clearly shows, I set forth a very specific injury that justified these damages.

The damages that I request are $3,028,788,502.46 in compensatory damages for every day that the case does not get filed, starting on April 1, 2012. Why specifically this number? Because I am requesting the post-judgment interest that I would get if I win the case.

The Defendants' actions are the proximate cause of this injury due to common sense logic: If the case were to start sooner, it would end sooner. Think of it this way: If a businessman were suing for lost future profits, then, as long as he could prove that those future profits are reasonably likely to occur, would he not be allowed to recover the profits equivalent to his delay? If the Defendants' actions caused him to delay opening his store for one year, he can recover future profits for one year, correct? Same thing here.

In the instant case, the damages are calculated by taking the damages I requested in Exhibit A, multiplying them by 10% (since that is the post judgment interest rate in Arkansas, and thus, the interest I would have gotten on a judgment against Bearthky, even if I could not recover post-judgment interest against the County). Take that, and divide it by 365, and we get post judgment interest of $3,028,788,502.46 per day.

I also seek ten times this amount in punitive damages, because the judiciary's policies were extremely reckless if they believed that said policies would not result in any constitutional

violations. For such recklessness, I seek punitive damages on top of the compensatory damages.

## Jury Demand

If a trial is needed to resolve any disputes of fact, I wish for said trial to be conducted by a jury of my peers.

## Conclusion

Wherefore, premises considered, I respectfully request that the above-requested relief be granted. It is so requested on this 5th day of November, 2012.

*David S. Stebbins*

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

DAVID STEBBINS                                                                          PLAINTIFF

VS.                              CASE NO.                         Exh. A

JASON BEARTHKY AND BOONE COUNTY, AR                              DEFENDANT

## COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following complaint against Jason Bearthky and Boone County, AR, for the torts of false arrest and false imprisonment, to wit: Jason Bearthky, acting in the scope and course of his employment with Boone County, AR, in a malicious attempt to deprive me of access to the United States Supreme Court and cause me to permanently loose that case, arrested me in manifest disregard to an affirmative defense brought to his attention, which should have stripped the arrest of probable cause.

Pursuant to ARCP 9(c), I generally aver that all conditions precedent, including the exhaustion of administrative remedies, have been completed.

In the month of October 2012, the United States Court of Appeals for the Eighth Circuit had ruled adversely to me in a lawsuit against Wal-Mart Stores, Inc. Said lawsuit involved $1,005,000,000,000 in controversy (and no, that is not a typo; one trillion, five billion dollars were in controversy in that case).

I had a reasonable chance to prevail in the Supreme Court, since a deciding factor in that case was the subject of a large circuit split. The courts of the United States and of the several states were divided over whether or not the three month time limit to move to vacate an arbitration award – or to challenge it at all – applied when the opponent to arbitration challenges, not the arbitration award itself, but the very existence of an arbitration agreement in the first

place. For example, on one side of the circuit split, we have such cases as *Danner v. MBNA America Bank, N.A.*, 369 Ark. 435, 255 S.W.3d 863 (2007); *MCI Telecomms. Corp. v. Exalon Indus. Inc.*, 138 F.3d 426, 429 (1st Cir. 1998); and *MBNA America Bank, N.A. v. Boata*, 893 A.2d 479. (Conn. App. Ct. 2006). On the other side of the circuit split, we have cases including, but not limited to, *Brown v. Moylan*, 509 A.2d 98, 98 (D.C. 1986); *MBNA America Bank, N.A. v. Miles*, 140 Wn. App. 511 (2007); and *MBNA America Bank, NA v. Akers*, Tenn: Court of Appeals 2009.

That is only a small portion of the cases that make up this circuit split. Therefore, the United States Supreme Court would likely have granted certeroi in that case, had I managed to file it in a timely manner.

Jason Bearthky, however, being under The Man's thumb, did not want me to prevail on that claim, as it would essentially mean the end of Wal-Mart unless Congress gave them a bail-out. Therefore, Bearthky set off to find whatever he could get me on, so he could arrest me. He knew that, although I would be legally "allowed" to still file my petition for certeroi with SCOTUS while still incarcerated (and in fact, SCOTUS has special rules for incarcerated *in forma pauperis* petitions, requiring only one copy instead of the usual eleven), from a *de facto* standpoint, the Boone County Detention Center did not have the resources available to inmates for me to learn of the address for the Supreme Court, nor did it afford me any way of learning of the form the petition for writ of certeroi would have to take (e.g. the kind of information I would have to include, and where I would have to include it). Therefore, an arrest, even if I were innocent, would have *de facto* stripped me of access to the federal Supreme Court, and Bearthky knew it.

Therefore, on November 24, 2012, my father – who is participating in this attempt to

deprive me of access to the courts – framed me for domestic battery (Case No. 2012-85-4 in this Court). Bearthky responded to the call, and took that opportunity to deprive me of *de facto* access to the Federal Supreme Court by arresting me. In furtherance of this objective, he stopped my mother from telling me the addresses of various federal courthouses, so that I would not be able to write to them.

This malicious conspiracy would still be legal, however, if the arrest were still done with probable cause. Well, not really. I could argue that, since discrimination was the underlying dispute in the case against Wal-Mart, Bearthky's actions constituted retaliation, and thus I am protected that way. However, state courts lack subject-matter jurisdiction over such a dispute. Besides, this complaint is for false arrest. I am asserting malice merely so as to circumnavigate sovereign immunity.

That being said, I assert that the arrest is without probable cause, but on a novel issue of law. Officer Bearthky was made aware of a written contract between Plaintiff and his father, both on the night of the arrest and when responding to a call approximately one month prior to that arrest. As this Court is aware, I have asserted in Case No. 2012-85-4 that this contract entitles me to the affirmative defense of self-defense, even if I in fact committed the act spoken of in the criminal charges.

However, Bearthky, motivated by his desire to seize this opportunity to deprive me of *de facto* access to the United States Supreme Court, completely ignored the affirmative defense which was brought to his attention, made no attempts whatsoever to make any sort of inquiry into it, and proceeded to arrest me as if I had never even brought it up to begin with.

The novel issue of law is whether failure on the part of a police officer to make reasonable inquiry into a potential affirmative defense to a crime strips the arrest of probable

cause. I maintain that it does. Probable cause is defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that a crime has been committed by the person suspected." See King v. State, 58 SW 3d 875, 877 (2001). Where there is an affirmative defense to be had, there is no reasonable suspicion of criminal activity.

Think about it: Would there be probable cause for a murder if the security camera footage clearly shows that the victim of the alleged murder was in fact holding up the store at gunpoint at the time he was shot? No, there wouldn't be. No "cautious man" (as defined by the common law doctrine of the reasonable person) would suspect the person shooting the armed robber of murder; there is clearly an affirmative defense to be had. Here, I brought this affirmative defense to Bearthky's attention, and it completely went in one ear and out the other.

Even if I had *shown* him the contract, Bearhtky likely would have arrested me anyway, because, again, his motivation was to stop me from being able to pursue my case against Wal-Mart in the Supreme Court.

Because of Bearthky's malicious false arrest, I seek damages of $11,055,078,034,000 This is for the $1,000,000 that I am requesting in Case No. 2012-85-4 (I wish for Bearthky to be jointly liable for these damages), the $6,094,000 that I requested in Case NO. 2012-102-4 (again, I request joint liability, as the Hotel Seville's actions would have been irrelevant but for Bearthkly's malicious false arrest), and the $1,005,000,000,000 that Bearthky actually set out to cost me, and ten times that amount in punitive damages.

Because his actions were done within the course and scope of his employment with Boone County, AR, I request that Boone County, AR be held jointly liable via *respondiat superior*.

Wherefore, premises considered, I respectfully request that this relief be granted, that costs incurred be awarded, and that the Court award such other relief as it finds appropriate.

It is so requested on this 31st day of May, 2012.

*David Stebbins*

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

DAVID A. STEBBINS                                                                PLAINTIFF

VS.                                    CASE NO.                    Exh. B

JASON BEARTHKY & BOONE COUNTY, AR                         DEFENDANT

### PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

  Comes now David Stebbins, plaintiff, who hereby petitions the court for leave to proceed In Forma Pauperis and does allege and state:
1. That plaintiff, a resident of the State of Arkansas, has prepared and desires to file with this Court a complaint.
2. That plaintiff's only income is: $698 per month.
3. That plaintiff's income barely suffices to meet the costs of daily essentials of life and includes no allotment that could be budgeted to pay for court fees and costs incident to this proceeding.
4. That plaintiff has no other income in addition to that described above and no means of paying such costs without being reduced to total impoverishment. An Affidavit in Support of Request to Proceed In Forma Pauperis is attached as Exhibit "A".
5. Plaintiff believes that he/she is entitled to the relief requested in the accompanying complaint and that such action is not brought for a frivolous or malicious purpose.

  WHEREFORE, plaintiff prays that the court enter an order allowing the plaintiff to prosecute this action in forma pauperis and that the plaintiff may have the necessary writs and processes without payment of fees or costs for the same.
Respectfully submitted,

*(signature)*
David Stebbins
123 W. Ridge, APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

DAVID A. STEBBINS                                              PLAINTIFF

VS.                              CASE NO.                    *Exh. C*

JASON BEARTHKY & BOONE COUNTY, AR              DEFENDANT

### AFFIDAVIT IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

    I, David Stebbins, being first duly sworn, depose and say that I am the plaintiff in the above entitled cause; that in support of my petition to proceed without being required to prepay fees, costs or to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to redress.

    I further swear that the responses that I have made to questions and instructions below are true:

1. 1. Are you presently employed? No
   A) If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.
   _____
   B) If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.
   06/01/2009_____
2. Have you received within the past twelve (12) months any money from any of the following sources:
   a) Business, profession or any form of self-employment?
   no_____
   b) Rent payments, interest or dividends
   no_____
   c) Pensions, annuities or life insurance payments
   no_____
   d) Gifts or inheritances
   no_____
   e) Any other sources
   no_____
3. Do you own any cash, or do you have money in a checking or savings account? If the answer is yes, state the total amount in each account.
   Approximately $500 in a First Federal checking account_____
4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? If the answer is yes, describe the property and states its approximate value.
   No noteworthy assets_____
5. List the person(s) who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.
   No dependants_____

      I understand that a false statement or answer to any questions in this affidavit will subject me to penalties of perjury.

_____
PLAINTIFF

<u>ACKNOWLEDGMENT</u>

On this day before the undersigned, a Notary Public, duly qualified and acting in and for the county and state aforesaid personally appeared_____, known to me or satisfactorily proven, whose name appears as AFFIANT in the foregoing instrument, and stated that he/she had executed the same for the uses and purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of_____, _____.

NOTARY PUBLIC
My Commission Expires:

_____
SEAL