## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DAVID STEBBINS**                                                          **PLAINTIFF**

**v.**                                   **Case No. 4:12-cv-00704 KGB**

**JENNIE STEEN, CLERK OF BOONE**
**COUNTY CIRCUIT COURT; OFFICE OF**
**THE CLERK OF THE BOONE COUNTY**
**CIRCUIT COURT; OFFICE OF THE CLERK**
**OF THE ARKANSAS SUPREME COURT;**
**LESLIE STEEN, CLERK OF THE ARKANSAS**
**SUPREME COURT; and STATE OF ARKANSAS**                    **DEFENDANTS**

### OPINION AND ORDER

Before the Court is plaintiff David Stebbins's application to proceed *in forma pauperis*

(Dkt. No. 1) and his complaint with jury demand and motion for service by the United States

Marshals Service (Dkt. No. 2).

Based on Mr. Stebbins's application to proceed *in forma pauperis*, he does not have the

funds to pay the filing fee.  Accordingly, the application is granted (Dkt. No. 1).

The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), requires that a lawsuit be

dismissed if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be

granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  While

*sua sponte* dismissals are disfavored, "[s]ection 1915(e)(2)(B) applies to both prisoner and non-

prisoner *in forma pauperis* cases." *Fletcher v. Jasper Police Dept.*, No. 1:09-CV-977, 2012 WL

5878807 (E.D. Tex. Oct. 18, 2012) (citing *Newsome v. E.E.O.C.,* 301 F.3d 227, 231–33 (5th Cir.

2002)).  *See also* Charles Alan Wright, *et al.*, § 3970 *Procedure for Appeals in Forma Pauperis*,

16AA Fed. Prac. & Proc. Juris. (4th ed.) ("The PLRA also made some changes that affect non-

prisoner litigants.  In particular, the PLRA amended what is now Section 1915(e)(2) concerning the dismissal of a case.  The current statutory language is mandatory ('shall dismiss') and adds to the list of reasons for dismissal that the action fails to state a claim or that it seeks monetary relief against a defendant who is immune from such relief."); *Bey v. Superior Protection, Inc.*, No. 4:08CV004191 JLH, 2009 WL 1058054 (E.D. Ark. Apr. 20, 2009) (adopting proposed finding and recommendation of United States Magistrate Judge Henry L. Jones, Jr.) ("Although many of the provisions in § 1915 specifically refer to and apply only to prison inmates, the language in § 1915(e)(2) does not distinguish between prisoner and non-prisoner complaints. Under this provision, the court must dismiss a complaint at any time it determines the claims raised are legally frivolous or malicious, fail to state a claim for relief or seek monetary relief against a defendant who is immune from damages."); *Zessin v. Nebraska Health & Human Services*, No. 807CV247, 2007 WL 2406967 (D. Neb. Aug. 20, 2007) (collecting cases in which the Eighth Circuit and other courts have affirmed dismissals under 28 U.S.C. § 1915(e)(2)(B) in non-prisoner cases) ("[I]t is clear that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed *in forma pauperis* without regard to whether the plaintiff is a prisoner.").  A claim is frivolous if it "describe[es] fantastic or delusion scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law.  *Neitzke v. Williams*, 490 U.S. 319, 327-29 (1989).

The Court has reviewed Mr. Stebbins's complaint and the authorities he cites.  Mr. Stebbins contends that, on April 1, 2012, he filed a complaint in Boone County, Arkansas, Circuit Court, along with a motion for leave to proceed *in forma pauperis*.  The case was assigned to an Arkansas state court judge who, at the time Mr. Stebbins filed his court complaint in this case, had not ruled on Mr. Stebbins's state-court *in forma pauperis* request.  Mr. Stebbins

represents that, to file a petition for writ of mandamus against the state court judge with the Arkansas Supreme Court, he must obtain certified copies of the state court file but was refused such copies by the Boone County Circuit Court Clerk's office.  Mr. Stebbins represents that the Boone County Circuit Court Clerk's office would not provide certified copies until his case was filed and would not file his case until the state court judge ruled on the pending *in forma pauperis* application.  In his papers filed with this Court, Mr. Stebbins concedes the Boone County Circuit Court Clerk's office has informed him that his *in forma pauperis* motion was given to the judge.

This Court takes judicial notice that on June 27, 2013, the state court judge to whom Mr. Stebbins's *in forma pauperis* motion was assigned entered an order denying his request to proceed *in forma pauperis*, which order was docketed by the Boone County Circuit Court Clerk on July 1, 2013.

In his current complaint, Mr. Stebbins requests prospective injunctive relief against the named defendants and asks this Court to order defendants to "[e]ither file the Complaint and IFP application without a ruling, like the federal courts do, or allow a mandamus petition to be filed without [being] certified whenever the inability to obtain them is the subject of the mandamus action in the first place" (Dkt. No. 2, at 4).  Mr. Stebbins asks this Court to set a "standard policy for the state judiciary" (Dkt. No. 2, at 4).  Mr. Stebbins also requests more than three trillion dollars in damages for every day that the state court does not file his complaint, starting April 1, 2012, and seeks punitive damages.

The Court determines that Mr. Stebbins's complaint is frivolous and fails to state a claim upon which relief can be granted.  Therefore, the Court dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Rule 12(b)(6) of the Federal Rules of Civil

Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.12(b)(6). As the Eighth Circuit Court of Appeals recently explained:

> We review *de novo* the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). Courts consider "plausibility" by "'draw[ing] on [our own] judicial experience and common sense,'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679), and "'review[ing] the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Whitney*, 700 F.3d at 1128. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id.* at 1129.

In assessing "plausibility," as required by the Supreme Court in *Iqbal*, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and "'materials

that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc*., 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).  A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n.3 (quoting Charles Alan Wright, et al., § 1357, 5B Fed. Prac. & Proc. Juris. (3d ed. 2004)).

Mr. Stebbins does not identify in his complaint the cause of action under which he intends to sue the named defendants; his complaint is deficient for this reason.  Construing the allegations in his complaint broadly, even if the Court views his complaint as one brought under 42 U.S.C. § 1983, the Court concludes the complaint should be dismissed.

A suit for damages under 42 U.S.C. § 1983 cannot be brought against the State or the state defendants in their official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989) (concluding state and its agencies are not "persons" within meaning of § 1983).  Mr. Stebbins's complaint seeks money damages and is silent as to the capacities in which the defendants are being sued.  If a § 1983 complaint is silent as to the capacity in which a defendant is sued, the complaint is construed to include official-capacity claims only. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).  Therefore, Mr. Stebbins's complaint will be construed to bring § 1983 claims against these defendants in their official capacities only.

Mr. Stebbins's claims for money damages against the state defendants are without merit because the United States Supreme Court holds that "a State is not a 'person' against whom a §

1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 70–71 (holding that because the Eleventh Amendment immunizes the states from suit, neither a state nor its officials acting in their official capacities are "persons" under § 1983 when sued for damages).  His § 1983 claims for money damages against the State of Arkansas; the Arkansas Supreme Court, which is an arm of the State; and Office of the Clerk, Leslie Steen, Clerk of the Arkansas Supreme Court in his official capacity are barred by sovereign immunity. *See Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Mr. Stebbins cites *Ex parte Young*, 209 U.S. 123 (1908), in support of his request for prospective injunctive relief.  Under *Young*, a party may sue a state officer for prospective relief in order to stop an ongoing violation of a federal right.  Injunctive relief remains generally available under this doctrine against continuing violations of federal law. *See Idaho v. Coeur d' Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997).  Because the Court takes judicial notice that on June 27, 2013, the state court judge to whom Mr. Stebbins's *in forma pauperis* motion was assigned entered an order denying his request to proceed *in forma pauperis* in the state court matter, which order was docketed by the Boone County Circuit Court Clerk on July 1, 2013, the Court questions whether there is an ongoing violation of an alleged federal right based on these facts.

Further, while it may be possible to sue a state official, in his or her official capacity, for prospective injunctive relief without violating the Eleventh Amendment to the United States Constitution, the same is not true of states or state agencies, so that claims against the state and arms of the state should be dismissed, even if claims against state officials for prospective injunctive relief can go forward. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

As for county defendants, Jennie Steen, Clerk of the Boone County Circuit Court, and the Boone County Circuit Court Clerk, although Mr. Stebbins can bring suit under 42 U.S.C. § 1983 against the county defendants, "[a] claim against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice." *Luckert v. Dodge County*, 684 F.3d 808, 820 (8th Cir. 2012). The "custom, policy, or practice must be the moving force behind the violation. Moreover, the plaintiff must show not only that a policy or custom existed, and that it was causally related to the plaintiff's injury, but that the policy itself was unconstitutional." *Id.* Mr. Stebbins's complaint is devoid of any allegation that the alleged events about which he complains were the result of a lack of training or a custom, policy, or practice of Boone County, Arkansas. Instead, he seeks a "standard policy for the state judiciary. . . ." (Dkt. No. 2, at 4). Further, the Eighth Circuit has "consistently recognized a general rule that, in order for [county] liability to attach, individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).

Not only does Mr. Stebbins fail to state with specificity the cause of action he intends to allege, he fails to identify with specificity the federal right he seeks to protect with his request for prospective injunctive relief. Construing the allegations in his complaint broadly, if Mr. Stebbins intends to allege a claim for violating his right to access the courts, his complaint fails to state a claim upon which relief can be granted. This deficiency in his complaint requires that all of his claims against all of the named defendants be dismissed.

While the right to access the courts exists, the Supreme Court and the Eighth Circuit Court of Appeals have recognized that the constitutional basis for the right is "unsettled." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Scheeler v. City of St. Could, Minnesota*, 402

F.3d 826, 830 (8th Cir. 2005); *Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1427 n.7 (8th Cir. 1986). In some circumstances, our circuit has held that the right to access derives from the First Amendment. *See, e.g.*, *Whisman v. Rinehart,* 119 F.3d 1303, 1312-13 (8th Cir. 1997); *Harrison*, 780 F.2d at 1427. In order to prevail on such a claim, Mr. Stebbins must show that the defendants acted with some intentional motivation to restrict his access to the courts. *See Whisman*, 119 F.3d at 1313 (stating that right-to-access cause of action requires proof of government action "designed" to prevent access to the courts); *Harrison*, 780 F.2d at 1428 (holding that plaintiff sufficiently pled a valid right-to-access claim by alleging that city employees retaliated against them for filing a lawsuit). Reviewing the complaint in the light most favorable to Mr. Stebbins, the Court finds no factual allegations to indicate that the defendants intentionally conspired to keep Mr. Stebbins out of court.

Mr. Stebbins seems to suggest that his right-to-access claim ought to be analyzed under the Due Process Clause. *Cf. County of Sacramento v. Lewis*, 523 U.S. 833, 850-51 & n.9 (1998) (noting that an official who has an actual opportunity to deliberate may be liable for a substantive due process violation for undertaking actions that are deliberately indifferent to the constitutional rights of another). The Supreme Court has noted that the right to access the courts finds support in many parts of the Constitution, including the Due Process Clause. *Harbury*, 536 U.S.at 415 n.12. The overwhelming majority of cases involving a due process analysis, though, arise in the prison-litigation context, as in situations where a prisoner's access to counsel, mail, or the law library has been curtailed. *See, e.g.*, *Wolff v. McDonnell,* 418 U.S. 539, 576 (1974) (considering an inmate's access-to-courts claim under the Due Process Clause).

In those cases, to the extent an individual intends to assert a claim based on an alleged denial of access to the courts, he must prove that he suffered an actual injury or prejudice as a

result of the alleged denial of access. *See Johnson v. Hamilton*, 452 F.3d 967, 973-74 (8th Cir. 2006). Mr. Stebbins's conclusory claims that he was denied access to the courts must fail. For his claim to survive, he must allege he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Actual injury may be shown where a "nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 352–53. Mr. Stebbins has not alleged or demonstrated that here. Mr. Stebbins also has not alleged or demonstrated the requisite conduct on the part of the named defendants to state a denial-of-access claim under the Due Process Clause upon which relief may be granted. *See Scheeler*, 402 F.3d at 831 (requiring a showing that, as a result of acts that "shocked the conscience," the actor was deliberately indifferent to a fundamental right held by plaintiff).

Accordingly, the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The complaint and all claims in this matter are dismissed without prejudice. Judgment will be entered accordingly.

SO ORDERED this the 20th day of August, 2013.

_____
Kristine G. Baker
United States District Judge